UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACOB KUEHN and SUZANNE KUEHN, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | CASE NO. 2:24-cv-01785-TL<br><br>ORDER ON PLAINTIFFS' MOTION TO COMPEL |

This matter is before the Court on Plaintiffs' Motion to Compel Defendant Safeco Insurance Company of America and to Extend Discovery Motion Deadline. Dkt. No. 24. Plaintiffs request the Court to (1) order Safeco Insurance Company of America ("Safeco") fully answer Plaintiffs' first discovery requests served on its attorneys in October 2024, (2) order Safeco to sign its discovery answers under oath as required under Fed. R. Civ. P. 33(b)(5), (3) order Safeco to facilitate the depositions of two of its employees also represented by its attorneys, and (4) extend the deadline for discovery motions to allow more time for the Plaintiffs to attempt to resolve Safeco's incomplete answers to Plaintiffs' second set of discovery. Dkt.

ORDER ON PLAINTIFFS' MOTION TO COMPEL – 1

No. 24 at 1. Having reviewed the motion, Defendant's opposition (Dkt. No. 27), Plaintiffs' reply (Dkt. No. 29), and the relevant record, the Court GRANTS IN PART and DENIES AS MOOT IN PART Plaintiffs' motion as outlined below.

### 1. Plaintiffs' Discovery Requests

Plaintiffs request Safeco fully answer the interrogatories and produce all responsive documents from their discovery requests. Dkt. No. 24 at 12. Defendant responds that it has further supplemented its discovery and document productions. Dkt. No. 27 at 5. Not until after Plaintiffs filed their motion to compel (and almost at the end of the discovery period) did Safeco produce a large number of documents, despite the requests having been made much earlier in time and after several discovery conferences. *See e.g.*, *id.* at 4 (Defendant produced over 7000 additional pages on January 7, 2026). Regarding Plaintiffs' interrogatories, Defendant asserts that they exceed the twenty-five interrogatory limit of Federal Rule of Civil Procedure 33(a)(1) because of the subparts to the interrogatories. *Id.* The Court disagrees. "[A] question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." Fed. R. Civ. P. 33, Advisory Committee Notes to 1993 Amendment. While the Court finds that Interrogatory Number 5 should count as eight questions (Dkt. No. 26 at 29) and Interrogatory Number 13 should count as two questions (*id.* at 145), even counting them as the Court does, this would result in a total of 24 interrogatories.

Therefore, the Court ORDERS Defendant to provide verified responses to all of Plaintiffs' interrogatories and complete any remaining document production **within twenty-one (21) days** of this Order.

//

//

ORDER ON PLAINTIFFS' MOTION TO COMPEL – 2

### 2.    Verification of Interrogatory Answers

Plaintiffs request Defendant sign its discovery answers under oath as required under Fed. R. Civ. P. 33(b)(5). Dkt. No. 24 at 13. After the filing of the motion, Defendant served Plaintiffs' counsel with the remaining executed verification pages for its discovery responses. Dkt. No. 27.

Therefore, the Court DENIES AS MOOT this request.

### 3.    Facilitation of the Deposition of Two Witness

Plaintiffs request Defendant facilitate the depositions of two witnesses: Justen Rasmussen an Andrea Williams. Dkt. No. 24 at 14. Defendant asserts the deposition notices and subpoenas issued to these two out-of-state witnesses were improper and that neither Defendant nor its counsel ever accepted service of the subpoenas for these two individuals. Dkt. No. 27 at 6.

In its initial disclosures, Defendant listed these two individuals as "Safeco Insurance Company of America Personnel." Dkt. No. 26 at 106. Defendants further represented that the address for these individuals was "c/o Michael D. Handler and Laura G. Spence[,] Forsberg & Umlauf. P.S." *Id.* at 107. In other words, the address listed for these witnesses was the address for Defendant's counsel. Having represented that these witnesses were its employees and that they should be contacted through Defendant's counsel while never providing any other address for the witnesses, the Court finds it disingenuous for Defendant to now try to shirk the responsibility of responding to the subpoena and deposition notices sent to them in accordance with Defendant's own representation. While the deposition notice and subpoena were flawed, the Court finds Defendant waived any objections it may have had as to them because of the games it played.

Therefore, the Court ORDERS Defendant to facilitate the remote deposition of Justen Rasmussen and Andrea Williams. The Court further ORDERS the Parties to meet and confer **within seven (7) days** of this Order to schedule these two depositions.

ORDER ON PLAINTIFFS' MOTION TO COMPEL – 3

**4.      Extension of Deadline for Discovery Motions**

Based upon the foregoing rulings, the Court also ORDERS that the deadline for discovery motions will be extended to **thirty (30) days** from the date of this Order. Further, the Court ORDERS the Parties to file a joint statement **within seven (7) days** of this Order informing it whether this Order affects the Court's consideration of any of the pending motions or the remainder of the case schedule.

Dated this 27th day of March, 2026.

Tana Lin
United States District Judge

ORDER ON PLAINTIFFS' MOTION TO COMPEL – 4