UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JACOB KUEHN and SUZANNE KUEHN, a married couple,<br><br>                  Plaintiffs,<br><br>    v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>                  Defendant. | CASE NO. 2:24-cv-01785-TL<br><br>ORDER ON MOTIONS TO EXCLUDE EXPERTS |

This matter is before the Court on Plaintiffs Jacob and Suzanne Kuehn's Motion to Exclude Defense Rebuttal Expert Witnesses (Dkt. No. 36) and Defendant Safeco Insurance Company of America's Motion to Exclude Plaintiff's Expert Witness (Dkt. No. 38). Having reviewed the motions, Plaintiffs' and Defendant's responses (Dkt Nos. 47, 49), Defendant's and Plaintiffs' replies (Dkt. Nos. 53, 54) the relevant record, and finding an expert qualification hearing unnecessary, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion and DENIES Defendant's motion.

ORDER ON MOTIONS TO EXCLUDE EXPERTS – 1

## I.   BACKGROUND

This matter arises from damage to Plaintiffs' home caused by a water loss in December 2023. Dkt. No. 38 at 1. After a dispute between the Parties over the level of coverage Defendant would provide Plaintiffs for the damage, on September 20, 2024, Plaintiffs sued Defendant in Snohomish County Superior Court alleging breach of contract, violation of the Consumer Protection Act ("CPA"), bad faith, and violation of the Insurance Fair Conduct Act ("IFCA"). *See* Dkt. No. 1-1 (state-court complaint). On October 30, 2024, Defendant removed the case to this Court. Dkt. No. 1 (notice of removal).

In advance of trial, Plaintiffs identified two expert witnesses: construction expert David Zaborowski and claims-handling expert Damian Arguello. *See generally* Dkt. Nos. 36, 49. Defendant disclosed two rebuttal expert witnesses: construction rebuttal witness Nathan George and claims-handling rebuttal witness Joseph Hampton. *See generally* Dkt. No. 36. Plaintiffs now move to exclude the testimony of both Mr. George and Mr. Hampton. *Id*. Defendant moves to exclude the testimony of Mr. Zaborowski. Dkt. No. 38. The matters are fully briefed and ripe for the Court's review.

## II.   LEGAL STANDARD

### A.   Expert Witness Testimony

Federal Rule of Evidence ("FRE") 702 provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify," if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

ORDER ON MOTIONS TO EXCLUDE EXPERTS – 2

This Rule imposes on the Court an obligation to act as a gatekeeper and evaluate the admissibility of expert-opinion testimony, to ensure that such evidence "is not only relevant, but reliable." *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)); *see also Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (en banc) ("We have interpreted Rule 702 to require that expert testimony be both relevant and reliable." (citation modified)), *overruled on other grounds by United States v. Bacon,* 979 F.3d 766 (9th Cir. 2020).

"[E]xpert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. . . ." *Engilis v. Monsanto Co.*, 151 F.4th 1040, 1047 (9th Cir. 2025) (quoting *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013)). Expert opinion "is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* (quoting *Alaska Rent-A-Car*, 738 F.3d at 969); *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) (noting opinion evidence may be excluded where it "is connected to existing data only by the *ipse dixit* of the expert," or where there is "simply too great an analytical gap between the data and the opinion proffered").

To assess the reliability of an expert opinion, courts ordinarily look to such factors as (1) whether the expert's theory or technique can be tested; (2) whether it has been subjected to peer review and publication; (3) its known or potential error rate; and (4) whether it enjoys general acceptance within the relevant community. *Estate of Barabin*, 740 F.3d at 463 ("The Supreme Court has suggested several factors that can be used to determine the reliability of expert testimony . . . ."). This is a flexible inquiry, however, and the trial court has discretion to decide how to assess the reliability of opinion testimony based on the circumstances of each case. *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (quoting *Kumho Tire Co.*, 526 U.S. at

141, 151). The court may, but is not required to, hold a "*Daubert* hearing" to determine the relevance and reliability of an expert opinion. *Estate of Barabin*, 740 F.3d at 463–64.

A "proponent of expert testimony 'has the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence.'" *Engilis*, 151 F.4th at 1048 (quoting Fed. R. Evid. 702 advisory committee's note to 2000 amendment). In evaluating proffered expert testimony, "the district court is 'a gatekeeper, not a fact finder.'" *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1020 (9th Cir. 2022) (quoting *Primiano*, 598 F.3d at 568). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* at 1028 (quoting *Primiano*, 598 F.3d at 564).

Federal Rule of Civil Procedure 26(a)(2) governs rebuttal expert testimony. An expert may be designated as a "rebuttal" expert if their testimony "solely . . . contradict[s] or rebut[s] evidence on the same subject matter identified by another party[.]" Fed. R. Civ. P. 26(a)(2)(D)(ii). "[R]ebuttal testimony cannot be used to advance new arguments or evidence." *Fed. Trade Comm'n v. Amazon.com, Inc.*, No. C14-1038, 2016 WL 4154284, at *1 (W.D. Wash. Feb. 9, 2016) (citation omitted). "In short, a rebuttal witness may only provide evidence that contradicts or rebuts unforeseen evidence presented by the opposing party." *Holen v. Jozic*, No. C17-1147, 2018 WL 5761775, at *2 (W.D. Wash. Nov. 2, 2018); *see also Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060–62 (9th Cir. 2005). The court has "sound judicial discretion" to determine the admission of proffered rebuttal evidence. *Rodella v. United States*, 286 F.3d 306, 309 (9th Cir. 1960).

**B.    Exclusion of Relevant Evidence**

Like all evidence, expert testimony must be relevant in order to be admissible. Evidence is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid.

401; *see also United States v. Hankey*, 203 F.3d 1160, 1171 (9th Cir. 2000) (discussing Rule 401).

"Rule 403 of the Federal Rules of Evidence allows a trial judge to exercise [their] discretion to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Emmons v. City of Orange*, 46 F. App'x 444 (9th Cir. 2002) (citing Fed. R. Evid. 403); *accord United States v. Espinoza-Baza*, 647 F.3d 1182, 1189 (9th Cir. 2011) ("Under [Rule] 403, a district court has discretion to exclude even relevant evidence . . . .").

### III.    DISCUSSION

#### A.    Plaintiffs' Motion to Exclude Defendant's Untimely Declaration

As a preliminary matter, in their reply brief, Plaintiffs move to strike Defendant's untimely filing of the declaration of James Hicks (Dkt. No. 50). Dkt. No. 54 at 3. Local Civil Rule ("LCR") 7(b)(2) provides that any supporting material must be filed "within the time prescribed in LCR 7(d)." As to motions to exclude expert testimony under Federal Rule of Evidence 702, LCR 7(d)(3) provides, "Any response shall be filed and received by the moving party no later than 15 days after the filing date of the motion." Plaintiffs argue that because Defendant's due date for filing Mr. Hicks's declaration was March 16, 2026, and Defendant filed the declaration on March 17, 2026, it should be excluded. Dkt. No. 54 at 3. The Court admonishes Defendant for not filing the declaration on time, but declines to adopt such a request because the delay was minor and the Court prioritizes having a complete record before it. *See Amana Glob. Co. v. King Cnty. Flood Zone Dist.*, No. C22-1626, 2023 WL 3336555, at *1 (W.D. Wash. May 10, 2023) (granting motion to accept late filing because the delay was minor, and the Court preferred to have a more complete record before it).

Therefore, the Court DENIES Plaintiffs' motion to exclude Mr. Hicks's declaration.

**B.       Motions to Exclude Expert Witnesses**

As to the expert motions, Plaintiffs ask the Court to exclude all testimony from Defendant's rebuttal expert witnesses, Mr. Hampton and Mr. George, under Rule 702. Dkt. No. 36 at 4. In the alternative, Plaintiffs request that the specific testimony identified in their motion be excluded. *Id*. Defendant requests that all testimony from Mr. Zaborowski be excluded under Rule 702. *See generally* Dkt. No. 38.

**1.       Expert Qualifications**

In the Court's gatekeeper role, it will first briefly address the witnesses' qualifications. A witness can testify as an expert if they are qualified "by knowledge, skill, experience, training, or education." Fed. R. Evid. 702. Neither Party argues that the opposing witnesses are not qualified to testify as experts. In light of such non-opposition, and based upon a cursory review of the limited materials provided about each expert who is a subject of the motions, the Court will provisionally find that each expert at issue here is qualified to testify as an expert. *See* Dkt. No. 50-1 (Hampton CV) at 2–3 (indicating that Joseph Hampton is a retired attorney with 40 years of experience in insurance law, representing both insurers and insureds and provides expert testimony on insurance law, including contractual and extracontractual liability and claim handling); Dkt. No. 50-5 (George CV) at 2–3 (indicating that Nathan George has 25 years of experience in residential and commercial construction and repair, formal training for such repair types, and prior expert service work); Dkt. No. 34-1 (Zaborowski CV) at 2 (indicating that David Zaborowski has 23 years of experience in the insurance restoration industry as a general contractor with specialization in appraisal work and property insurance estimating). However, the Court reserves a final ruling on qualifying these individuals as expert until all testimony regarding their qualifications is received.

## 2. Relevance of Opinions

Although the Parties do not address or appear to dispute the relevance of the testimony of the challenged experts, the court must nevertheless consider that issue as part of its "gatekeeping role." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (citing *Daubert,* 509 U.S. at 597). "Expert opinion testimony is relevant if the knowledge underlying it has a 'valid . . . connection to the pertinent inquiry.'" *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006) (omission in original) (quoting *Kumho Tire*, 526 U.S. at 149). "Relevancy simply requires that '[t]he evidence . . . logically advance a material aspect of the party's case.'" *Estate of Barabin,* 740 F.3d at 463 (alteration and omission in original) (quoting *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007)).

### a. Joseph Hampton

Defendant intends to have Mr. Hampton testify at trial about industry standards for insurance claims handling. Dkt. No. 49 at 3. Plaintiffs argue that because much of Mr. Hampton's testimony should be excluded under Rule 702, that means that all remaining testimony is unhelpful and inadmissible. *See* Dkt. No. 36 at 15–16. However, for the reasons stated in Section III.B.3.a., the Court denies most of Plaintiffs' requests to exclude Mr. Hampton's testimony. Further, the topic on which Mr. Hampton is expected to testify is one raised by Plaintiffs' experts. Therefore, the Court finds that Mr. Hampton's proffered testimony has a valid connection to the pertinent inquiry and advances a material aspect of Defendant's case. Accordingly, the Court finds that Mr. Hampton's proffered testimony is relevant.

### b. Nathan George

At trial, Defendant seeks to have Mr. George testify about the scope of repair work associated with the water loss. Dkt. No. 49 at 7. Mr. George's opinions rebut topics raised by Plaintiffs' expert, meaning the testimony has a "valid . . . connection to the pertinent inquiry."

*Sandoval-Mendoza*, 472 F.3d at 654. Accordingly, the Court finds that Mr. George's proffered testimony is relevant.

### c.    David Zaborowski

Plaintiffs seek to have Mr. Zaborowski testify at trial about the cost to repair their damaged home. Mr. Zaborowski's testimony goes to the issue of whether Defendant acted reasonably and in good faith when it denied Plaintiffs' initial request for coverage and, undoubtedly, advances a material aspect of Plaintiffs' case. Accordingly, the Court finds that Mr. Zaborowski's proffered testimony is relevant.

### 3.    Reliability of Opinions

Reliability requires the court to assess "whether an expert's testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Estate of Barabin*, 740 F.3d at 463 (quoting *Kumho Tire*, 526 U.S. at 149). In making its reliability determination, a court is concerned with the soundness of the methodology, not with the correctness of the expert's conclusions. *Id.*; *accord Primiano*, 598 F.3d at 564 ("[T]he test under *Daubert* is not the correctness of the expert's conclusions but the soundness of his methodology." (alteration in original) (quoting *Daubert v. Merrell Dow Pharms., Inc.* ("*Daubert II*"), 43 F.3d 1311, 1313 (9th Cir. 1995), *on remand from Daubert*, 509 U.S. 579)).

Plaintiffs and Defendant make various arguments about the reliability of specific testimony that the witnesses will provide. The Court will address each in turn.

### a.    Joseph Hampton

#### (1)    Mr. Hampton's Testimony About the Remodeling Project

Plaintiffs argue that Mr. Hampton's assertions that their remodeling project would have occurred even absent the December 18, 2023, water damage are not based on sufficient facts, rely on speculation, and fail to satisfy Rule 702(b). Dkt. No. 36 at 12–14. To begin, Mr.

ORDER ON MOTIONS TO EXCLUDE EXPERTS – 8

Hampton's testimony that "[t]he scope and complexity of the project, and the timing of its launch, suggest that [Plaintiffs] had been contemplating this work prior to the loss occurring" (Dkt. No. 37-1 (Hampton Report) at 4), as well as any statement about Plaintiffs' pre-loss intent, are inadmissible because they do not rebut Mr. Arguello's findings and, instead, present new arguments. *See Fed. Trade Comm'n*, 2016 WL 4154284, at *1. Mr. Hampton's rebuttal testimony must be limited to opinions rebutting those made by Mr. Arguello. Moreover, even if it were rebuttal testimony, it should be excluded because it is not based on sufficient facts. Defendant and Mr. Hampton point to a series of Plaintiffs' email correspondence to support the assertion that the remodel was planned before the water damages (*see* Dkt. No. 49 at 4 and Dkt. No. 37-1 at 4–5, respectively), but all of the referenced communications occurred *after* the date of water damage (*see id.*). The Court agrees with Plaintiffs that communications with potential vendors starting in 2024 (ranging from approximately one to over eight months after the loss date) are not a basis to opine that Plaintiffs intended to remodel their kitchen in 2023.

Therefore, the Court GRANTS Plaintiffs' request.

### (2)    Mr. Hampton's Testimony About the Cabinets

Plaintiffs argue that Mr. Hampton's testimony that Plaintiff Jacob Kuehn "did an honorable thing" by removing cabinet costs and must have concluded the policy did not cover them, must be excluded because it is unsupported speculation. Dkt. No. 36 at 13 (citing Dkt. No. 37-1 at 6). Defendant does not assert that Mr. Hampton offered rebuttal when he opined that Plaintiff Jacob Kuehn's actions were "honorable," and that he must have concluded the cabinets were not covered by the insurance policy (*see* Dkt. No. 37-1 at 6). Moreover, Plaintiffs are correct that Mr. Hampton conceded that he does not know why Plaintiff Jacob Kuehn removed the cabinet estimate. *See* Dkt. No. 37-2 (Hampton Depo.) at 15. Therefore, the Court agrees that Mr. Hampton is offering speculative testimony, which must be excluded. *See Guidroz-Brault v.*

ORDER ON MOTIONS TO EXCLUDE EXPERTS – 9

*Missouri Pac. R. Co.*, 254 F.3d 825, 829 (9th Cir. 2001) (finding that unsupported speculation and subjective beliefs do not meet Rule 702 standard).

Therefore, the Court GRANTS Plaintiffs' request.

### (3)     Mr. Hampton's Testimony About Xactimate Pricing

Plaintiffs assert that Mr. Hampton's testimony about Plaintiffs' use of Xactimate pricing from September 2025 is unreliable because Mr. Hampton "admitted . . . that he does not have the qualifications to go 'line by line through an Xactimate estimate, deconstruct it, analyze it, and come up with [his] own opinions,'" and that "such work falls 'within someone else's expertise and purview.'" Dkt. No. 36 at 13 (citing Dkt. No. 37-2 at 20). However, Mr. Hampton critiqued the use of Xactimate from September 2025, because the insurance policy requires repair costs to be determined "shortly following the loss," which, in this case, was in December 2023. Dkt. No. 37-1 at 9. Mr. Hampton's opinion is reliable because he bases it off the insurance policy and Mr. Zaborowski's report. Any critique of Mr. Hampton's inability to go line by line through the estimate goes to the weight of the evidence he presents and is for the jury to decide.

Therefore, the Court DENIES Plaintiffs' motion.

### (4)     Mr. Hampton's Testimony About the Insurance Fair Conduct Act ("IFCA") Letter

Plaintiffs argue the Court should exclude Mr. Hampton's testimony about the IFCA notice because it offers improper rebuttal, improper legal conclusions, and is barred by Federal Rule of Evidence 408 (Dkt. No. 36 at 14–15), which states in relevant part,

> Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim . . . .

ORDER ON MOTIONS TO EXCLUDE EXPERTS – 10

Fed. R. Evid. 408(a)(1).

First, Plaintiffs assert that "Hampton opines that Plaintiffs' IFCA notice letter was sent 'simply to enable an IFCA suit.'" *Id*. at 14 (quoting Dkt. No. 37-1 at 13). While Mr. Hampton will not be allowed to speculate as to Plaintiff's motivation for sending the letter, Mr. Hampton can rebut Mr. Arguello's assertion that Defendant did not negotiate in good faith and that "Mr. Arguello's treating it as a stage in claim resolution is without basis." Dkt. No. 37-1 at 12–13. Therefore, Mr. Hampton's opinion on this subject is proper rebuttal.

Second, the Court finds that Mr. Hampton's testimony about the IFCA is almost entirely devoid of legal conclusions, with the exception of one opinion that must be excluded. In his rationale for his opinion that Mr. Arguello is wrong that Defendant did not negotiate in good faith, Mr. Hampton asserts that Plaintiffs were not inviting negotiation because "the sole purpose of an IFCA notice letter is to enable a later suit pursuant to the IFCA, see RCW 48.30.010(8) . . . ." Dkt. No. 37-1 at 12. Mr. Hampton is essentially concluding that the law rebuts Mr. Arguello's opinion, not offering an opinion that, in his experience handling claims, letters of this nature are not used to invite negotiations. *See Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (finding that an expert witness cannot opine as to their legal conclusion, i.e, an opinion on the ultimate issue of law). This testimony will not be allowed. However, Mr. Hampton does not otherwise offer legal conclusion in his rebuttal regarding the IFCA.

Lastly, Plaintiffs argue that Mr. Hampton "characterizes the notice as evidence of Plaintiffs' improper motive or uses it to undermine the validity of the claim," which is in violation of Federal Evidence Rule 408, because such testimony would "us[e] compromise communications to prove or disprove liability." Dkt. No. 36 at 15. But an IFCA notice letter is not a settlement communication; it is a statutory prerequisite to bringing an IFCA claim. *See*

RCW 48.30.015(8). The jury will need to consider the Parties' conduct during the pre-suit phase, and Mr. Hampton's opinions are in rebuttal to Mr. Arguello's opinions regarding IFCA communications. Thus, they should not be excluded under Rule 408.

Therefore, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion. Mr. Hampton cannot offer legal conclusion testimony regarding RCW 48.30.015(8), but Mr. Hampton's remaining opinions about the IFCA notice will not be excluded.

### (5)   The Scope of Mr. Hampton's Testimony

Plaintiffs seek to exclude testimony from Mr. Hampton that they argue "exceed permissible expert boundaries" because they offer opinions on the reasonableness of conduct and legal conclusions. Dkt. No. 36 at 15. Although Plaintiffs do not provide the Court with Mr. Hampton's verbatim statements, Plaintiffs offer several citations from Mr. Hampton's report that they argue should be excluded. The Court will address these in turn.

### (a)   Reasonableness and Case Law Conclusions

Plaintiffs argue that statements Mr. Hampton made on page 7,[1] paragraph 7, should be excluded because they are legal conclusions. *Id*. Regarding coverage for the kitchen cabinets, Mr. Hampton opines, "'That part of the damaged building' was the lower cabinets, not the entire set. It is a reasonable claim handling practice, and permitted in Washington, to determine the extent of damage to property, and only pay for repair or replacement of the actually damaged portion where the policy language permits such allocation. See *Godwin v. State Farm Fire & Cas. Co.*, 518 P.3d 1045 (Wash. App. 2022)." Dkt. No. 37-1 at 7 (footnote omitted). There are

---

[1] When referring to page numbers from documents within the case docket, the Court cites to the page number from the top right corner of the page, which are labeled in blue. When citing to Mr. Hampton's report, Plaintiffs use the original page number assigned at the bottom right corner. The court docket page number in blue is one page ahead of the original document page numbers. For consistency purposes throughout this Order, the Court will continue to cite to the blue text page numbers within this section.

ORDER ON MOTIONS TO EXCLUDE EXPERTS – 12

two issues with the proffered opinion. First, it deems the claim-handling practice "reasonable," which opines on the ultimate issue of the reasonableness of Defendant's conduct and is not allowed. *See U.S. Fid. & Guar. Co. v. Ulbricht,* 576 F. Supp. 3d 850, 857–58 (W.D. Wash. 2021) (excluding testimony where court found that expert opined on the "ultimate issue of [plaintiff's] reasonableness."). Second, the statement offers a legal conclusion—namely, that Washington law permits Defendants to only pay for the damaged cabinets, but not the upper, undamaged cabinets—which is also not allowed. However, Mr. Hampton can still testify as to generally accepted claims-handling practices in relation to the cabinets to rebut Mr. Arguello's testimony. Therefore, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion.

Plaintiffs argue that Mr. Hampton's statements on page 11, paragraphs 6 and 8 should be excluded. Dkt. No. 36 at 15. Mr. Hampton opined that "[i]t is not unreasonable for a field adjuster to schedule an inspection a mere five days after initial contact" and later stated that "it is common for an insured's contractor's estimate to lack the details necessary for a reasonable 'apples to apples' comparative analysis of the competing estimates." Dkt. No. 37-1 at 11. *Id.* Mr. Hampton's assertions go to the ultimate issue of whether Defendant's conduct was reasonable. *See Ulbricht,* 576 F. Supp. 3d at 857–58. Mr. Hampton can testify about what the common practice is or about typical scheduling timelines, but he cannot offer an opinion as to the reasonableness of such acts. The remainder of his testimony goes to the weight of the credibility of evidence and is therefore not inadmissible legal conclusion. Therefore, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion to exclude such testimony.

Plaintiffs also argue that statements on page 13, paragraphs 5 and 7 should be excluded. Dkt. No. 36 at 15. Regarding the IFCA letter that Plaintiffs sent, Mr. Hampton asserts, "No reasonable person (insurer or not) would accept the stated terms, because they are too vague – the Kuehns demanded several 'blank checks' from Safeco. This being so, the letter is neither an

attempt to get the insurer to 'cure' any error, nor open a reasonable settlement discussion within 20 days." Dkt. No. 37-1 at 13. Mr. Hampton's opinions that "no reasonable person" would accept the terms in the letter, and that the letter was not an attempt to "open a reasonable settlement discussion" offer conclusory opinions on the ultimate issue as to whether Defendant acted in bad faith. As such, they are not allowed. *See Ulbricht*, 576 F. Supp. 3d at 857–58. Beyond his opining on whether the actions were reasonable or not, the remainder of Mr. Hampton's opinions are allowed, as they are in response to Mr. Arguello; are based on his experience in legal practice and handling claims; and go to weight of the evidence, not admissibility. They are not legal conclusion but rather rebuttals to Mr. Arguello's testimony. Therefore, the Court GRANTS IN PART and DENIES Plaintiffs' motion to exclude such testimony.

Next, Plaintiff argues that the assertion Mr. Hampton makes in his footnote on page 7 should be excluded because it gives instruction on case law. Dkt. No. 36 at 15. This footnote (*see* Dkt. No. 37-1 at 7 n.6) is associated with page 7, paragraph 7 of the report and, for the reasons stated earlier in this section, this testimony is not allowed. Therefore, as to this issue, the Court GRANTS Plaintiff's motion.

### (b)    Legal Landscape in Washington

Plaintiffs argue that Mr. Hampton's statements on page 9, paragraphs 1 through 4, and page 10, paragraphs 1 and 2, should be excluded because they refer to the legal landscape in Washington. Dkt. No. 36 at 15. Mr. Hampton opines that "Mr. Arguello misunderstands the basis of an IFCA cause of action and how the CPA applies." Dkt. No. 37-1 at 9. Although Mr. Hampton goes on to provide citations to the Revised Code of Washington, the Washington Administrative Code, and a cite to a Washington Supreme Court case, these are all used to rebut Mr. Arguello's use and interpretation of case law and the same statutes. *See id*. at 10. His statements are not legal conclusions, but are instead used to explain why he believes that Mr.

ORDER ON MOTIONS TO EXCLUDE EXPERTS – 14

Arguello's interpretation of the provisions and case law are "misleading." *Id*. This testimony is based on Mr. Hampton's experience with insurance claims. It goes to the weight of the testimonial evidence and should be evaluated by the jury. Therefore, the Court DENIES Plaintiff's motion to exclude such testimony.

### (c)    Statutory Law

Similarly, Plaintiffs argue that assertions Mr. Hampton made on page 12, paragraphs 1, 2, and 3, should be excluded because they make legal conclusions based on "statutory law." *See* Dkt. No. 36 at 15. However, paragraphs 1 and 2 make no mention of statutes and provide no legal conclusions. *See* Dkt. No. 37-1 at 12. Paragraph 3 mentions the Revised Code of Washington, but this is in reference to the basis of Mr. Hampton's opinion that "the sole purpose of an IFCA notice letter is to enable a later suit pursuant to the IFCA," meaning that Plaintiffs were not "inviting a discussion to amicably resolve a dispute." *Id*. Mr. Hampton offers this opinion in the context of explaining why he believes Mr. Arguello's opinion is incorrect. *Id*. Therefore, the Court DENIES Plaintiff's motion to exclude page 12, paragraphs 1, 2, and 3.

### (d)    Breach of Contract

Next, Plaintiffs argue that statements Mr. Hampton made on page 8, paragraph 3, should be excluded. Dkt. No. 36 at 15. In that section of the report, Mr. Hampton states, "[Mr. Arguello] says that 'Industry standards require an insurer as part of paying to replace damaged property with like kind and quality to replace undamaged property if necessary to achieve a uniform appearance when replacing damaged property, *unless there is clear policy language to the contrary.*" Dkt. No. 37-1 at 8. The report goes on to say, "Mr. Arguello is incorrect. Here, there is policy language to the contrary, and the allocation is allowed." *Id*. This testimony is not offering a legal conclusion. It is offered to rebut Mr. Arguello's assertions and goes to the issue

of the weight of Mr. Arguello's testimony, which is properly considered by the jury. Therefore, the Court DENIES Plaintiffs' request to exclude such testimony.

### (e)    Catchall

Finally, Plaintiffs move to exclude all remaining testimony from Mr. Hampton. Dkt. No. 36 at 16. Plaintiffs base this request on the assertion that "[b]ecause so much of his testimony is excluded under the rules, Mr. Hampton's remaining opinions are unhelpful and inadmissible." *Id*. Because the Court denied many of Plaintiffs' requests and finds that Mr. Hampton's testimony would be helpful, the Court DENIES Plaintiff's motion to exclude the remainder of Mr. Hampton's testimony.

### b.    Nathan George

Plaintiffs argue that "Mr. George's opinions fail Rule 702 because they are not grounded in sufficient facts, reflect unsupported assumptions, lack reliable application, and exceed the permissible scope of rebuttal testimony." Dkt. No. 36 at 16.

First, Plaintiffs argue that because Mr. George never visited Plaintiffs' property and instead relied on photos taken after the mitigation work, his opinions are not grounded in sufficient facts or data. *Id*. But, as Defendant points out, Rule 703 states, "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Further, Plaintiffs' contradictions of Mr. George's opinions go to the weight of his testimony, not admissibility.

Next, Plaintiffs argue that Mr. George's conclusions regarding damage to the subfloor are unsupported assumptions, not reliable analysis. *Id*. However, Mr. George makes clear that his opinion regarding mold on the floors and treatment are based off his years' long knowledge, as well as his annual re-review, of the Environmental Protection Agency ("EPA") Guidelines. Dkt. No. 50-6 (George Depo.) at 12. Plaintiffs argue that because Mr. George could not name which

ORDER ON MOTIONS TO EXCLUDE EXPERTS – 16

precise guideline, that means he is making assumptions. Dkt. No. 36 at 16–17. But this goes to the weight of Mr. George's testimony and is ripe for cross examination.

Additionally, Plaintiffs argue that because Mr. George did not review Defendant's estimate and instead relied on Plaintiffs' expert's description, Mr. George did not reliably apply any methodology to facts. *Id.* at 17. But, Mr. George offers the opinion that, despite Mr. Zaborowski's issue with the method, Defendant's decision to combine the sketch of the kitchen and dining room, label it all as "kitchen," and aggregate the square footage is proper and does not change the result. *See* Dkt. No. 50-6 at 10. This opinion is developed from his extensive experience writing estimates based off square footage for flooring. *Id.* It is standard rebuttal testimony because he responds directly to an opinion that Plaintiffs' expert provided. *See id.* Further, he determined facts from Mr. Zaborowski's report—an allowable method under Rule 703. This is proper and any issue with Mr. George's neglecting to review Defendant's estimate goes to the weight of Mr. George's opinion and can be raised through cross examination. Further, Plaintiffs argue that because Mr. George admitted to never having worked in Snohomish County and because he could not say for certain what plumbing or electrical repairs were involved, he did not reliably apply any methodology to the facts. Dkt. No. 36 at 17. To rebut Mr. Zaborowski's opinion that Defendant did not factor in permitting fees (*see* Dkt. No. 50-6 (Zaborowski Report) at 22), Mr. George opines that permitting fees would not be necessary because "[n]o subfloor damage requiring removal has been observed in the photos taken by PuroClean at the time of mitigation therefore no permits or drawings would be required for this loss" (*id.* at 13). But again, this opinion is based on Mr. George's professional experience. Any contradictions to this, which go to the weight of the evidence, can be identified in cross-examination.

Finally, Plaintiffs argue that the Court should exclude testimony that they claim is not actually in rebuttal to Mr. Zaborowski. Dkt. No. 36 at 17–18. First, Plaintiffs argue that Mr. George's opinion as to what would have caused damaged subfloor, and how he evaluated whether the subfloors were damaged, should be excluded. However, Mr. Zaborowski's opinion was that it was necessary to remove the subfloor. *See* Dkt. No. 50-6 at 19. As part of Mr. George's rebuttal testimony, it is only logical for him to explain why he believes it is not necessary, which includes an explanation as to why, in his professional experience, he did not believe the subfloor was damaged. Lastly, Plaintiffs argue that Mr. George's reliance on EPA standards for mold remediation is not rebuttal testimony. Dkt. No. 36 at 18. But, again, in order to explain why he disagrees with Mr. Zaborowski's conclusion, Mr. George has to be able to explain why. And the basis for his opinion as to mold on floors is based off his years' long knowledge, as well as his annual re-review of the EPA guidelines. Dkt. No. 50-6 (George Depo.) at 12.

Therefore, the Court DENIES Plaintiffs' motion to exclude Mr. George's testimony.

### c.   David Zaborowski

Defendant argues that Mr. Zaborowski's testimony is not reliable because it is not based on sufficient facts or data. Dkt. No. 38 at 2. In support, Defendant points to the following: the insurance policy agreement (*id*. at 3), Plaintiff Jacob Kuehn's repair cost range (*id*. at 4), the fact that Mr. Zaborowski gave his estimate roughly a year after the house was repaired and did not consider the actual costs paid (*id*. at 4–5), and the fact that he included costs that were not ultimately in the final repair cost (*id*. at 6–7). But Mr. Zaborowski made clear that he is "tasked to consider what [Plaintiffs] should have been paid on the claim, not what they paid to have the repairs done." *Id*. at 5 (quoting Dkt. No. 39-1 (Zaborowski Depo.) at 6). And a central issue in this case is whether Defendant acted reasonably and in good faith when asked to pay for the

repairs to Plaintiffs' home. Those questions must be viewed through the lens of what was reasonably owed at the time of denial. *See Fireman's Fund Ins. Cos. v. Alaskan Pride P'ship*, 106 F.3d 1465, 1470 (9th Cir. 1997) ("The bad faith claim required the jury to determine whether Insurer's denial of coverage was unreasonable when it occurred, not whether later developments could have vindicated the Insurer's decision.").

Moreover, what Defendant omits in its brief, and does not respond to in its reply, is that Mr. Zaborowski used the Xactimate software to calculate repair costs—software that Mr. George uses "all the time," and which Mr. Hampton states estimators "typically" use. *See* Dkt. Nos. 48-1 (George Depo.) at 4; 48-4 (Hampton Depo.) at 4. Mr. Zaborowski's methodology is sound, and the Court is more concerned with that than with the correctness of his conclusion. *See Estate of Barabin*, 740 F.3d at 463. Given that the Court finds Mr. Zaborowski's methods reliable, any questions as to his total estimate and reasons for arriving at the final number go to the weight of his credibility. They can be tested through cross-examination and are for the jury to decide.

**C.      Evidence Rule 403 Challenge**

Evidence will be excluded under Rule 403 only when its probative value is substantially outweighed by such unwanted dangers like unfair prejudice or misleading the jury. "Unfair prejudice" means "the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995) (quoting *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988)).

Here, Defendant argues that Mr. Zaborowski's testimony is prejudicial and will confuse the jury. Defendant's attempt to support this assertion by arguing that including Mr. Zaborowski's testimony would allow the jury to hear testimony that Plaintiffs "are entitled to imaginary damages that are not recoverable in this action." Dkt. No. 38 at 10. But, "[o]f course,

all relevant evidence is prejudicial; Rule 403 is concerned only with limiting 'unfair' prejudice." *United States v. Castro*, No. CR19-295, 2023 WL 2786830, at *3 (D. Nev. Apr. 5, 2023) (quoting *United States v. Simpson*, 910 F.2d 154, 158 (4th Cir. 1990)). And here, Mr. Zaborowski's testimony is not unfairly prejudicial. Defendant may disagree that some of the line items in Mr. Zaborowski's estimate should not have been included, but Mr. Zaborowski was tasked with determining what Defendant *should* have paid Plaintiffs, not what they *did* pay them. Ultimately, this is a dispute that should be decided by the jury. Moreover, this testimony will not mislead the jury, as Defendant will have the opportunity to point out any line items that were not in the actual repair cost, and Mr. Zaborowski will be able to explain why he believes they should have been—a concept that is not overly complicated for a jury to decipher.

## IV.   CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion (Dkt. No. 36) and DENIES Defendant's motion (Dkt. No. 38). It is hereby ORDERED:

(1)   Plaintiffs' motion to exclude Mr. Hampton's and Mr. George's testimony is GRANTED IN PART and DENIED IN PART, as outlined in section III.B.1–3.

(2)   Defendant's motion to exclude Mr. Zaborowski's testimony is DENIED.

Dated this 8th day of May, 2026.

Tana Lin
United States District Judge

ORDER ON MOTIONS TO EXCLUDE EXPERTS – 20